**Opinion filed September 22, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00250-CR

_____

## CHRISTOPHER BENNETT WOOTEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 118th District Court

Howard County, Texas

Trial Court Cause No. 14804

### M E M O R A N D U M   O P I N I O N

Appellant, Christopher Bennett Wooten, entered into a plea agreement with the State. He pleaded guilty to the offense of felony driving while intoxicated and true to the enhancement allegation. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement at confinement for thirteen years. Appellant filed a pro se notice of appeal. We dismiss the appeal.

This court notified Appellant by letter dated August 31, 2016, that we had received information from the trial court that Appellant waived his right of appeal and that, because this case stems from a plea bargain, Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed various documents in this court, including a response in which he asserted that he raised a matter by written motion filed prior to trial and that he repeatedly stated to his attorney that he was willing to plead guilty to a lesser included offense based upon the invalidity of the enhancements.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in this appeal reflect that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, that Appellant waived his right of appeal, and that the trial court did not give Appellant permission to appeal. Even if, as Appellant suggests, he raised a matter by written motion prior to trial, he subsequently waived his right of appeal. The documents on file in this case reflect that Appellant, his attorney, and the judge of the trial court signed a document in which Appellant expressly waived various rights. Appellant specifically waived "any appeal of my case and by so doing say and represent to the Court that no such appeal shall be made by me personally or through my attorney." The trial court certified that Appellant has no right of appeal and that Appellant waived the right of appeal. The certification was signed by Appellant, Appellant's counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification and show that Appellant has no right of appeal in this

case.  *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss the appeal without further action.  TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

September 22, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.